[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: APPLICATION FOR TEMPORARY INJUNCTION
The plaintiff as City Director of Health moved for mandatory injunction permitting him to inspect the defendant's premises in which pails of human excrement and blood had been found by a city fireman while answering an emergency call.
The defendant made numerous arguments claiming that she is not subject to the jurisdiction of this court. None of them have been properly raised or briefed by coherent citation to pertinent accepted legal authorities and principles, and therefore the court will not discuss them further. The court has jurisdiction based on the service of process made and the power vested in it by the Constitution of the State and section 51-164s of the General Statutes.
The temporary injunction application is denied. Section 10-13(1) CT Page 8881 of the Danbury Code of Ordinances provides that "[w]henever the director of health is denied access to any premises, he shall obtain a search warrant from a court of competent jurisdiction." There was no evidence such a warrant has ever issued. The word "shall" preceded by the word "whenever" is indicative of the mandatory nature of this requirement of the ordinance.
This interpretation is consistent with constitutional requirement. The U.S. Supreme Court in the case of Roland Camara v. Municipal Court of the City and County of San Francisco, 387 U.S. 523, 18 L.Ed.2d 930, held that administrative searches to enforce a municipal health and housing code require a warrant to satisfy the Fourth Amendment.
Flynn, J.